UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIELA I. RENDON, an individual

    Plaintiff,

    vs.

CIVIL DIVISION
CASE #

EQUIFAX INFORMATION SERVICES, LLC.
EXPERIAN INFORMATION SOLUTIONS, INC.
TRANSUNION, LLC.
NAVIENT SOLUTIONS, INC.

    Defendants,
_____/

# COMPLAINT

Plaintiff, **DANIELA I. RENDON,** on behalf of herself, through the undersigned attorneys, files this Complaint against **EQUIFAX INFORMATION SERVICES, LLC. (herein "EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS, INC. (herein "EXPERIAN"), TRANSUNION, LLC. (herein "TRANSUNION") NAVIENT SOLUTIONS, INC., (herein "NAVIENT")** and states as follows**:**

## A. JURISDICTION AND VENUE

1. This is an action for damages brought by and individual consumer against the defendants for violations of the Fair Credit Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 et seq., as amended.

2. At all times material hereto, Plaintiff is a resident of Miami-Dade County, FL

3. This court has subject matter jurisdiction over this matter pursuant to 15 U. S. C. § 1681*p*.  Venue in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district.

## B. PARTIES

4. The Plaintiff, **DANIELA I. RENDON**, is an adult individual presently residing in Miami, FL.  Plaintiff is a "consumer" as defined by Section 1681*a*(c) of the FCRA.

5. The Defendant, **EXPERIAN** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EXPERIAN** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  **EXPERIAN** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. The Defendant **EQUIFAX** is a business entity that regularly conducts business through out every state and

county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EQUIFAX** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EQUIFAX** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7.  The Defendant **TRANSUNION** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **TRANSUNION** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **TRANSUNION** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.  The Defendant **NAVIENT** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

B. <u>VENUE</u>

9. The venue is proper in this Court based upon the following:

   a. The violations of the FCRA alleged below occurred and/or were committed in **Miami Dade** County, Florida.

   b. At all times material hereto, Defendants, were and continue to be corporations engaged in the business and/or activity of reporting under the FCRA in **Miami Dade** County, Florida and as such are citizens of the State of Florida.

10. Plaintiff, **DANIELA I. RENDON,** (hereinafter "Plaintiff"), is an individual residing in the State of Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and 15 U.S.C. § 1692 et seq.

11. All Defendants are business entities which regularly conduct business throughout most every state and county in the United States; as corporations that conduct business in the State of Florida, they are all citizens of the State of Florida.

C. <u>FACTS COMMON TO ALL COUNTS</u>

12. Plaintiff is an individual consumer as defined by the FCRA §1681, et seq., as amended. Plaintiff is alleged to have incurred

a financial obligation for primarily personal, family or household purposes.

13. On or about April 17, 2017, Plaintiff sent a letter to **TRANSUNION** regarding the **NAVIENT** account #9850959912 in said letter she advised that she was the victim of identity theft and to remove the account immediately.

14. On or about August 8th, 2017, Plaintiff sent a "certified" letter to Defendants **EXPERIAN**, **EQUIFAX** and **TRANSUNION** including her personal identification in said letter she explained that she had contacted **NAVIENT** directly and provided a police report and that the account was still not deleted.

15. In her dispute letter Plaintiff attached a letter from **NAVIENT** stating she would be responsible for the loan until the balance was paid in full and that the investigation results demonstrated the account belonged to her.

16. **EXPERIAN** received this dispute letter via certified mail/return receipt on or about August 14th, 2017.

17. Defendant **TRANSUNION** received this dispute letter via certified mail/return receipt on or about August 15th, 2017.

18. Defendant **EQUIFAX** received this dispute letter via certified mail/return receipt on or about August 17th, 2017.

19. In response to her dispute letter (dated August 8th, 2017), on or about August 18th, 2017, Plaintiff received a letter from

**NAVIENT** saying a notice was received from a consumer reporting agency that information about the student loan account was blocked from credit report as a result of her identity theft claim.

20. Defendant **TRANSUNION** deleted the **NAVIENT** trade line from her credit report, but did not delete the unauthorized and fraudulent inquiry.

21. Defendant **EQUIFAX** failed to conduct any type of investigation and failed to delete the **NAVIENT** trade line from her credit report.

22. Defendant **EXPERIAN** failed to conduct any type of investigation and failed to delete the **NAVIENT** trade line from her credit report.

23. As of today, her credit report reflects that the trade line for **NAVIENT** has not been deleted by Defendants **EXPERIAN** and **EQUIFAX** and was never blocked.

24. As of today, her credit report reflects that the unauthorized and fraudulent inquiry has not been deleted by Defendant **TRANSUNION.**

25. Plaintiff has been damaged because this misleading information and/or error has impaired her ability to build her credit worthiness. Defendants have reflected credit information which is incorrect, inaccurate, misleading, and/or false.

26. The acts of all Defendants mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

27. Plaintiff has suffered severe pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

28. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendants mentioned above, and has agreed to pay counsel a reasonable attorney fee.

29. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, and other expenses, all to Plaintiff's further damage.

## D. CAUSES OF ACTION

### COUNT ONE

**VIOLATION OF THE
Fair Credit Reporting Act by
Defendants EXPERIAN, EQUIFAX, & TRANSUNION
15 U.S.C § 1681, et seq.**

30. Plaintiff incorporates paragraphs 1 through 29 as though fully stated herein.

31. In the entire course of its actions Defendants **EXPERIAN, EQUIFAX, & TRANSUNION** willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing, in the preparations of the consumer reports concerning Plaintiff to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing, to disclose the nature and substance of all information in its files on the plaintiff at the time of the request in violation of § 1681g(a)(1) of the FCRA.

   c. By willfully and/or negligently failing, to delete incomplete and inaccurate information on Plaintiff's file after conducting a reinvestigation, in violation of § 1681i(a) of the FCRA.

   d. By willfully and/or negligently failing, to contact the sources suggested by Plaintiff during the reinvestigation in violation of § 1681i(a) of the FCRA.

   e. By willfully and/or negligently failing, to provide subsequent users of the report with Plaintiffs statement of dispute or a summary thereof, in violation of § 1681i(c) of the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants **EXPERIAN, EQUIFAX, & TRANSUNION** for:

*For an award of actual damages;

*For an award of statutory damages;

*For an award of Punitive damages;

*For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## COUNT TWO

### VIOLATION OF FCRA 15 U.S.C § 1681s-2(b) BY NAVIENT SOLUTIONS, INC

32.   Plaintiff incorporates paragraphs 1 through 29 as though fully stated herein.

33.   At all times pertinent here to, this Defendant "**NAVIENT**" was a "person" as that term is defined by 15 U. S. C. § 1681a(b) and "furnisher" of information to the credit reporting agencies.

34.   This Defendant violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendant

willfully and/or negligently violated these provisions of the FCRA in the following respects:

a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account , and other information concerning the plaintiff to credit

    reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s-2(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

    *For an award of actual damages;

    *For an award of statutory damages;

    *For an award of Punitive damages;

    *For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for:

- For an award of actual damages pursuant to 15. U.S.C. § 1692k(a)(1) against Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Defendant; and

- For such other and further relief as may be just and proper.

## E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury under Florida Law and as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated and filed this 19th day of December of 2017.

      Respectfully submitted,
      Law Offices of
      **SAMIRA GHAZAL, PA.**
      Attorney for Plaintiff
      1900 SW 3rd Ave.
      Miami, FL 33129
      Tel. 305.860.1221
      Fax. 305.858.6272
      Samira@Samiraghazal.com

      /S/Samira Ghazal
      File by: Samira Ghazal, ESQ.
      FBN: 0864617